United States District Court
Southern District of Texas
FILED

DEC 2 0 1999

Michael N. Milby, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
ENTERED

DEC 21 1999

Michael N. Milby, Clerk

| | |
|---|---|
| KIMBERLY NASH § | |
| § | |
| Plaintiff, § | |
| § | |
| v. § | CIV. NO. H-99-3675 |
| § | |
| KELLY SERVICES, INC. AND SHELL § | |
| EXPLORATION AND PRODUCTION § | |
| CO., § | |
| § | |
| Defendants. § | |

ORDER

Pending before the Court is the Motion to Remand Case (Document #9) filed by the Plaintiff. Having considered the motion, submissions and applicable law, the Court determines that the motion should be granted.

Plaintiff Kimberly Nash ("Nash") filed suit in the 215th District Court of Harris County, Texas, alleging racial discrimination in her work place. In her complaint, Nash pled only state causes of action under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq., which prohibits discriminatory employment practices based upon race. Defendants Kelly Services, Inc. and Shell Exploration and Production Co. ("Defendants") removed the case to federal court based upon federal question jurisdiction. Nash claims that removal was improper as her claims lie exclusively in state law and she now seeks an order of remand. The Defendants argue that the substance of Plaintiff's complaint establishes a violation of Title VII, 42 U.S.C. § 2000e et seq., and that removal

was therefore proper.

The federal courts are courts of limited jurisdiction. <u>Owen Equip. and Erection Co. v. Kroger</u>, 437 U.S. 365, 374 (1978). It is axiomatic that a federal court may only exercise jurisdiction over cases as expressly provided by the Constitution and laws of the United States. <u>See</u> U.S. Const. art., III § 2. Federal courts may exercise jurisdiction over cases removed from state court if the federal court has original subject matter jurisdiction. 28 U.S.C. § 1441 (a), (b). However, removal statute are to be construed narrowly to restrict removal and all doubts as to removability are to be resolved in favor of remanding the cause to the state court. <u>Shamrock Oil & Gas Corp. v. Sheets</u>, 313 U.S. 100 (1941). The party removing the action bears the burden of establishing federal subject matter jurisdiction. <u>Langley v. Jackson State Univ.</u>, 14 F.3d 1070, 1073 (5th Cir. 1994). On a motion to remand, the Defendants must prove that removal was proper. <u>Rivet v. Regions Bank of Louisiana, F.S.B.</u>, 108 F.3d 576, 582 (5th Cir. 1997).

In the instant case, Defendants allege that removal was proper because Nash's claims arise under federal law. Defendants argue that the gravamen of Nash's complaint establishes allegations of employment discrimination under Title VII, 42 U.S.C. § 2000e <u>et seq.</u> Defendants attempt to bolster their argument by citing to Nash's pursuit of administrative remedies through the Equal Employment Opportunity Commission ("EEOC"), a prerequisite to a Title VII cause of action.

"A determination that a cause of action presents a federal question depends upon

the allegations of the plaintiff's well-pleaded complaint." Carpenter v. Wichita Falls Indep. School Dist., 44 F.3d 362, 366 (5th Cir. 1995) (citing Louisville & Nashville R.R. Co. v. Mottley, 211 U.S. 149 (1908)). The plaintiff determines the allegations of her complaint. See e.g. The Fair v. Kohler Die & Specialty Co., 228 U.S. 22, 25 (1913) ("the party who brings a suit is master to decide what law he will rely upon ....") (Holmes, J.). When a plaintiff could maintain claims under both federal and state law, the plaintiff can prevent removal by ignoring the federal claim and alleging only state law claims. Carpenter, 44 F.3d at 366.

In the instant case, it appears that Nash may have been able to proceed in either state court under the Texas Commission on Human Rights Act, Tex. Lab. Code § 21.001 et seq., or federal court under Title VII, 42 U.S.C. § 2000e et seq. However, Nash chose to only proceed in state court and to only pursue state remedies. Nash specifically pled alleged violations of state law and cited to state statutes in her original petition. No where in her petition does Nash rely on federal law or assert a federal cause of action. The fact that her petition may also establish a federal cause of action or that she pursued administrative remedies with the EEOC is irrelevant. Nash has elected to proceed in the 215th District Court of Harris County, Texas, with a state cause of action. Accordingly, the Court hereby

ORDERS that the Plaintiff's Motion to Remand Case (Document #9) is GRANTED. This case shall be REMANDED to the 215th District Court of Harris County, Texas.

3

Plaintiff's motion for attorney's fees pursuant to 28 U.S.C. § 1447(c) is DENIED.

SIGNED at Houston, Texas, on this the **20** day of December, 1999.

*David Hittner*
DAVID HITTNER
United States District Judge

4